UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-8950-Civ-Middlebrooks/Vitunac

THOMAS R. FARESE,

    Plaintiff,

vs.

KENNETH J. SCHERER, et. al.,

    Defendants.

_____/

FILED by _____ D.C.
APR 17 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before the Court on Order of Reference (DE 1031) from United States District Judge Donald M. Middlebrooks "for all purposes permitted under law, including the issuance of a Report and Recommendation relating to any and all post-trial matters." Pending before the Court is Plaintiff's Motion to Temporarily Preclude Release of Deeds from Custody of the Court Appointed Trustee Pending Resolution of Appellate and District Court Matters and Motions (DE 1425), filed April 15, 2009.

Following a jury trial on civil RICO claims brought by Plaintiff in which a general verdict was returned in Plaintiff's favor, the District Court issued an Amended Final Judgment (DE 995) on February 17, 2006 awarding Plaintiff damages based on the verdict.[1] On March 17, 2006, Defendants appealed to the United States Court of Appeals for the Eleventh Circuit (DE 1037).

---

[1] Since the Court's final entry of judgment against the Defendants on February 17, 2006 until the present, the parties have engaged in contentious and voluminous post-judgment litigation.

On December 12, 2006, with the appeal still pending, the parties entered a Stipulation of Settlement (DE 1305-2) (hereinafter "Stipulation"). The Stipulation provided, among other things, that "the instant case, and all cases between the parties, shall be dismissed with prejudice, except as set forth" in the Stipulation. Farese agreed to cease collection efforts on his state court judgments (DE 1305-2:4).[2] Additionally, the parties agreed to consider the Amended Final Judgment in the present case satisfied by the judgment debtors once a number of "conditions and obligations" to be performed by the parties as consideration for the dismissal occurred. The Stipulation then set forth the conditions and obligations. The parties selected a trustee to hold in trust certain specified documents[3] "until the Eleventh Circuit returns a mandate in the appeal."

The Stipulation addressed the various possible outcomes of the appeal, and contains terms governing what would occur following each possible outcome. Based on these possible outcomes, the Stipulation contains express instructions for the trustee to follow within five days of the return of the mandate. Importantly, the Stipulation states: "The parties agree that if the Eleventh Circuit orders the instant case to be retried for a new trial in whole, or in part, there will be no new trial. This matter will be settled and the Notice of Dismissal with Prejudice will be filed." (DE 1305-2:16-17). The Stipulation states that this

---

[2] The last number in the (DE__) citation notes the page number of the Stipulation where the provision or quoted language appears.

[3] These documents are (1) the deeds from Congress Shopping Center, Ltd. to Farese to the real property located at 964-1000 N. Congress Avenue, West Palm Beach, Florida, and 1010 N. Congress Avenue, West Palm Beach, Florida; (2) Notice of Dismissal with Prejudice in this case; (3) General Releases executed by the parties; (4) Satisfaction of Judgment issued by Farese to Defendants in this case; and (4) a Purchase Money Mortgage and Note in the amount of $1 million on 1010 N. Congress Avenue, West Palm Beach, Florida from Farese in favor of Congress Shopping Center, Ltd.

Court would retain jurisdiction for purposes of enforcing the agreement (DE 1305-2:22-23).

On January 16, 2007, the District Court entered an Omnibus Order (DE 1318) approving the Stipulation. The District Court noted the parties' agreement that "the Stipulation shall be deemed to fully and finally satisfy the Plaintiff's amended final judgment," and that there would not be a new trial in the event the Eleventh Circuit vacated the amended judgment.

On October 2, 2007, the trustee selected by the parties[4] filed a supplemental status report (DE 1341) informing the Court that the parties "have fully complied with all of their obligations" under the Stipulation. The trustee further advised that, pursuant to paragraphs 13-15 of the Stipulation, she was in possession of the documents specified in the Stipulation and was, pursuant to the Stipulation's terms, holding them in trust "pending the outcome of the appeal." "Upon final determination of the appeal," the trustee advised she would dispose of the documents according to the Stipulation's terms.

The Eleventh Circuit issued its opinion on October 28, 2008, holding that certain of Plaintiff's claims were barred by a settlement agreement from an earlier state court case between the parties. Farese v. Scherer, 297 Fed.Appx. 923 (11th Cir. 2008) (unpublished). The Eleventh Circuit vacated the entire District Court judgment because the jury's general verdict covered both the barred claims as well as the non-barred claims. Id. at 927-28. The Court remanded to the District Court for a new trial on the claims that were not barred. Id. at 928. On January 7, 2008, the Eleventh Circuit denied rehearing and rehearing en banc.

---

[4] The Stipulation originally named Judd Koenig, Esq., as the trustee. The parties later substituted Jennifer Labbe, Esq., with the Court's approval (DE 1337).

On April 8, 2009, the Eleventh Circuit issued its mandate to this Court, enclosing a certified copy of its October 28, 2008 opinion. This Court received the mandate on April 14, 2009 (DE 1424). Pursuant to the Stipulation's express terms: "The parties agree that if the Eleventh Circuit orders the instant case to be retried for a new trial in whole, or in part, there will be no new trial. This matter will be settled and the Notice of Dismissal with Prejudice will be filed." (DE 1305-2:16-17). Furthermore, ¶ 18 of the Stipulation provides express instructions upon the vacating of the Amended Judgment requiring the trustee to file the documents being held in trust "within five (5) days of the Eleventh Circuit's return of the mandate." (DE 1305-2:14). Specifically, the trustee is required to "(a) return the deeds to the premises and to the adjacent lots to CSC, and (b) return the $1,000,000.00 purchase money mortgage on the adjacent lots to Farese." (DE 1305-2:14).

Having duly considered the instant Motion, the relevant portions of the record, and being otherwise fully advised in the premises, the Court finds no reason to delay the Trustee's responsibilities as set out in the parties' Stipulation. All other pending motions in this case will be ruled on by separate order and/or report and recommendation to follow.

Accordingly it is hereby ORDERED that

(1) Plaintiff's Motion to Temporarily Preclude Release of Deeds from Custody of the Court Appointed Trustee Pending Resolution of Appellate and District Court Matters and Motions (DE 1425) is DENIED.

(2) The trustee, Jennifer N. Labbe, Esq., shall fully comply with her responsibilities under the Stipulation, including but not limited to returning the documents being held in trust as required. The trustee shall file a status

report with this Court on or before April 24, 2009.

DONE and ORDERED in Chambers in West Palm Beach in the Southern District of Florida, this 17 day of April, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Donald M. Middlebrooks
David Goldstein, Esq.
Marshall Rosenbach, Esq.
Aldo Beltrano, Esq.
Jennifer Labbee, Esq.