UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-8950-CIV-MIDDLEBROOKS-VITUNAC

THOMAS R. FARESE,

       Plaintiff,

vs.

KENNETH J. SCHERER, *et al.*,

       Defendants.
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION (DE 1435) AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE comes before the Court upon United States Magistrate Judge Ann E. Vitunac's Report and Recommendation (DE 1435) (hereinafter "Report"), filed on May 8, 2009. Plaintiff Farese objected to the Report (*see* DE 1436). Defendants Congress Shopping Center and Harald Dude responded to Farese's objections and expressed their agreement with the Report (*see* DE 1437).

In her Report, Magistrate Judge Vitunac recommends that the above-captioned case be dismissed with prejudice pursuant to the parties' Stipulation of Settlement (DE 1305-2) and the Notice of Dismissal (DE 1434). *See* DE 1435, p. 15. She also recommends that all pending motions be denied as moot. *See id.*

As an initial matter, the Court is uncertain why Plaintiff has filed objections to the Report, since he has submitted a notice of dismissal stating that "pursuant to the Stipulation of Settlement in this case, the above entitled action is discontinued and dismissed with prejudice pursuant to the

1

Stipulation of Settlement approved by the Court." DE 1434, p. 1. Thus, Plaintiff concedes that this case is done, through, finished and completed. As Magistrate Judge Vitunac notes, "[t]he curtain has fallen and the show is over." DE 1435, p. 14. There is no basis for continuation of this case. Nevertheless, the Court briefly shall address Plaintiff's two objections, neither of which can be sustained.

## I. Objection Number One Raised By Plaintiff

Plaintiff argues that his Renewed Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt for Intentional Breach of the Stipulation and Settlement and for an Order Setting Aside the Stipulation of Settlement (DE 1366) should not be denied. Although Plaintiff acknowledges the parties' right to litigate in state court to enforce any alleged breaches of the Stipulation of Settlement, he contends that "a favorable outcome in State Court would be counterproductive if the Stipulation of Settlement was set aside for Defendants' breaches, unless the judgment was reinstated." DE 1435, pp. 1-2. The Court finds this argument illogical and lacking merit. First, the Notice of Dismissal (DE 1434) has been filed in this action. Second, the parties may feud as they see fit, and apparently, they are content to continue litigating indefinitely. That does not mean that Case No. 00-8950 is interminable. It is clear that Plaintiff seeks to use Case No. 00-8950 as a vehicle to get what he wants, regardless of what the law or the Stipulation of Settlement may dictate. Contrary to Plaintiff's current wishes, he is bound by the law and he is bound by the terms of the Stipulation of Settlement. The Stipulation of Settlement—to which all parties freely and voluntarily agreed, and with which Plaintiff was satisfied until deciding that he might be able to get a more "favorable outcome" by ignoring the law and the Stipulation—requires dismissal of this

action.[1]

Moreover, Plaintiff continues to (incorrectly) insist that a breach of a settlement agreement rescinds or voids the agreement. This simply is wrong no matter how many times Plaintiff attempts to debate the issue. As the Eleventh Circuit noted, Plaintiff cites no authority to support this proposition and bankruptcy courts have "frequently stated just the opposite; the non-breaching party is bound by the agreement despite the breach, unless and until he brings a rescission action." *Farese v. Scherer*, 297 Fed. Appx. 923, 927 (11th Cir. 2008) (unpublished) (citing *In re Hughes*, 166 B.R. 103, 105 (Bankr.S.D.Ohio 1994)). Both the Eleventh Circuit and Magistrate Judge Vitunac explicitly have informed Plaintiff that "[p]arties are limited to contract remedies following the breach of a settlement agreement." *Id.* (citing *Bal Harbour Vill. v. City of N. Miami*, 678 So.2d 356, 361 (Fla.Dist.Ct.App. 1996)); *see* Report (DE 1436), pp. 9-10. Thus, if Plaintiff pursues state court litigation for alleged breaches by Defendants, and if Defendants did in fact breach the settlement agreement—and the Court expresses no opinion on the question—then Plaintiff would be in control of his "favorable outcome," as he could pursue an action to rescind the agreement or he could sue for damages caused by the breach. *See Farese*, 297 Fed.Appx. at 927 (citing *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1279 (11th Cir. 2004)). That is not a matter properly before this Court. This is a federal court of limited jurisdiction and Case No. 00-8950 is over.

---

[1] As noted by Magistrate Judge Vitunac, the Stipulation of Settlement states: "The parties agree that if the Eleventh Circuit orders the instant case to be retried for a new trial in whole, or in part, there will be no new trial" and "[i]f the Amended Judgment is vacated in whole or in part as to Dude, the parties agree that there shall not be a new trial, and this matter shall be settled." DE 1435, p. 4 (citing DE 1305-2, pp. 14, 16-17). The Stipulation of Settlement contains absolutely no language about parsing claims and reinstating the judgment; in fact, doing so would be antithetical to the parties' intentions and the clear language of the Stipulation.

3

## II. Objection Number Two Raised By Plaintiff

Plaintiff also objects to the Report's recommended denial of his Motion to Reinstate the Amended Judgment Based on Rico [sic] Acts Committed after December 3, 1999 (DE 1429) and his Motion for Hearing on his Motion to Reinstate the Amended Judgment (DE 1429). Plaintiff argues that "[i]f the 11th Circuit wanted a new trial it would have said so." DE 1436 at p. 2. Plaintiff contends that "[t]he instant decision is . . . subject to the criminal RICO line of cases," and "there is a plethora of case law where appellate decisions have vacated criminal RICO sentences but not the convictions." *Id.*[2] He further asserts that Magistrate Judge Vitunac overlooked the fact that the Eleventh Circuit directed him to submit a list of the acts and/or claims committed after December 3, 1999. *See id.* Plaintiff views the appellate court's request as a "clear indication" that the Eleventh Circuit "meant just what it said - separate the claims and proceed from there, that is, reinstate the judgment on the non-barred claims (acts)." *Id.* Plaintiff maintains that this Court "could easily reinstate the same dollar amount judgment based on the post settlement acts" because "[t]he dollar amount set by the jury was not based on the individual acts but [was] for compensation and punitive damages for having violated state and federal RICO statutes." *Id.* at 3.

Essentially, Plaintiff argues that because the Eleventh Circuit did not say the "magic words"—*i.e.*, "We remand for a new trial"—it did not contemplate a new trial, and the full monetary damage award simply should be reinstated based on the non-barred claims. Plaintiff misconstrues the appellate opinion and ignores important facts. First, the Eleventh Circuit provides guidance to lower courts, but it need not spell out every detail in order for a district court to understand its mandate. Second, case law vacating criminal RICO sentences but not the criminal convictions is inapposite to

---

[2] Plaintiff references a "plethora of case law" but cites none in his Objections.

4

the case at bar. Third, the appellate court's request for a list of the acts and/or claims committed after December 3, 1999, actually undermines Plaintiff's argument. It is evident that the Eleventh Circuit wanted to separate the claims in order to sustain the jury's verdict, but was unable to do so even with Plaintiff's proffered list.

Fourth—and of critical importance—Plaintiff conveniently disregards the portion of the appellate opinion that states:

> The jury returned a general verdict covering both claims that we have determined are precluded by the prior settlement agreement . . . and other claims that are not precluded. We, therefore, cannot separate the precluded claims from the non-precluded claims, and we must vacate the entire judgment.
>
> **CONCLUSION**
>
> For the reasons stated above, we **VACATE** the judgment and **REMAND** with instructions to the district court to dismiss all claims barred by the December 3, 1999 judgment and to proceed with all claims accruing after that date.

*Farese*, 297 Fed.Appx. at 927-28.

Contrary to Plaintiff's creative (and self-serving) interpretation, the appellate court opinion did **not** say to reinstate the judgment for the non-barred claims. Rather, the Eleventh Circuit determined that it was unable to separate the barred claims from the non-barred claims in order to sustain the jury's verdict, and it did not ask this Court to attempt that impossible feat. Instead, the Eleventh Circuit vacated the entire judgment (*i.e.*, the jury's verdict in its entirety), and "directed the district court to dismiss all claims barred by the December 3, 1999 judgment" and "proceed with all claims accruing after that date." *See id.* at 924, 927-28. In other words, the Eleventh Circuit (which was unaware of the parties' Stipulation of Settlement) instructed this Court to parse the claims and proceed with a new trial on all viable claims. *See United States v. De La Mata*, 535 F.3d 1267, 1276-77 (11th Cir. 2008) (citing 49 C.J.S. JUDGMENTS § 357 (2008) ("Where a judgment is vacated or set aside by a

5

valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered.")); *McGriff v. Minn. Mut. Life Ins. Co.*, 127 F.3d 1410, 1416 (11th Cir. 1997) (vacating judgment and remanding for new trial where appellate court could not determine whether general verdict was based on a claim improperly submitted to jury); *Grant v. Preferred Res., Inc.*, 885 F.2d 795, 800 (11th Cir. 1989) (noting that "[w]hen the jury delivers a verdict based upon several possible grounds, one of which is not supported by the evidence or was improperly submitted to the jury, and the appellate court has no means of determining on what basis the jury reached its verdict, the verdict must be reversed and remanded." (citations omitted)).[3] Of course, in light of the Stipulation of Settlement, a new trial is unnecessary. In the Stipulation, the parties expressly agreed that if the Amended Judgment was vacated in whole or part as to Dude, "there shall not be a new trial, and this matter shall be settled." DE 1305-2, p. 14. Defendants correctly point out in their Response to Plaintiff's objections that a new trial would be contrary to the parties' intentions, as the Stipulation of Settlement declares "all matters and cases between the parties . . . forever and finally settled upon the Eleventh Circuit's issuance of the mandate on appeal." DE 1437, pp. 1-2. The mandate was issued on April 8, 2009. As Magistrate Judge Vitunac notes in her detailed Report (DE 1435), vacation of the judgment triggered paragraphs 8 and 18 of the Stipulation of Settlement, whereby the trustee fulfilled her duties under the Stipulation, Plaintiff submitted a notice of dismissal, and this case now must be dismissed. Defendants concur with the recommendations in Magistrate Judge Vitunac's Report, and so does this Court.

---

[3] The case at bar is distinguishable from cases in which a judgment is vacated in part and/or remanded with specific instructions about specific claims. Here, the jury returned a general verdict covering both precluded and non-precluded claims, so the entire judgment was vacated. *Cf. Lindsey v. Am. Cast Iron Pipe Co.*, 772 F.2d 799, 802 (11th Cir. 1985) (reversing and remanding "for appropriate entry of judgment [on an age discrimination claim] on the basis of the jury verdict" after the district court erred in granting the defendant's motion for judgment notwithstanding the verdict).

6

### III. Conclusion

Accordingly, after an independent review of the file, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge Vitunac's Report (DE 1435) is **RATIFIED, ADOPTED and APPROVED** in its entirety. Plaintiff's Objections (DE 1436) are **OVERRULED**. This case is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 2 day of June, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record.