UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-8950-Civ-Middlebrooks/Vitunac

THOMAS R. FARESE,

    Plaintiff,

vs.

KENNETH J. SCHERER, et. al.,

    Defendants.
_____/



FILED by _____ D.C.
OCT 07 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 1454) from United States District Judge Donald M. Middlebrooks for the purpose of issuing a report and recommendation on the Motion of Defendants Harald Dude and Congress Shopping Center, Ltd. For Attorneys' Fees and Costs Pursuant to L.R. 7.3 (DE 1439), filed July 7, 2009. Plaintiff filed a Response (DE 1458) on August 28, 2009. Defendants filed a Reply (DE 1460) on September 10, 2009. This matter is ripe for review.

### PARTIES' CONTENTIONS

#### Defendants' Motion for Attorneys' Fees

Defendants seek attorneys' fees and costs[1] they incurred during post-judgment litigation following the District Court's entry of final judgment in Plaintiff's favor, and during the time when the case was on appeal to the United States Court of Appeals for the Eleventh Circuit. As grounds

---

[1] On August 12, 2009, the Court denied Defendants' request for $1,304 in mediation costs (DE 1452).

for their entitlement to fees, Defendants rely on the attorneys' fee provision of the Stipulation of Settlement (DE 1305-2) (hereinafter "Stipulation") entered into by the parties on December 12, 2006, while the appeal was pending. Defendants maintain that, after the parties signed the Stipulation, Plaintiff forced Defendants to unnecessarily incur fees and costs to "deal with Plaintiff's allegations of breach of the Stipulation and due to Plaintiff's breach of the Stipulation by failing to pay rent or abide by the Stipulation's terms." Defendants argue that "[b]ecause the Court dismissed the action with prejudice, Defendants Dude and CSC are the prevailing party for purposes of enforcing the attorneys' fees provision of the Stipulation" and "their fees and costs must be awarded to them."

### Plaintiff's Response

In his Response, Plaintiff argues that "Defendants are not the prevailing parties in this court nor in State Court where the litigation has continued." Plaintiff maintains that, although the federal litigation in this case is now ended, state court litigation involving the alleged breaches of the Stipulation is ongoing. Thus, according to Plaintiff, "[t]here has been no prevailing party in this post Stipulation of Settlement litigation" to whom fees can be awarded. Plaintiff contends further that there is no prevailing party because the post-judgment pending motions were denied as moot, and not on the merits, by this Court when the dismissal was entered.

### Defendants' Reply

In their Reply, Defendants argue that "the state court matter is one for eviction and for various other matters brought by [Plaintiff]" whereas Defendants' instant motion seeking attorney fees "relates to matters that Plaintiff forced to be litigated before this Court that were ultimately resolved against [Plaintiff]." Defendants claim that they "should be reimbursed for their fees for

having to litigate further in this case after the jury trial, despite the parties having an express settlement agreement" and if "Plaintiff should have brought matters before the State court, Defendants should be reimbursed their fees for having to defend in Plaintiff's incorrectly chosen forum."

## DISCUSSION

The issue before the Court is whether Defendants are entitled to an award of fees. Defendants rely on paragraph 43 of the Stipulation as grounds for their entitlement to fees. Paragraph 43 provides as follows:

> In the event dispute arises over any breach of this Agreement, the prevailing party shall be entitled to damages and reasonable attorney fees and costs.

(DE 1035-2, p. 21). The term "prevailing party" is not defined in the Stipulation. Because the Stipulation is governed by Florida law, the Court looks to Florida law for its definition. For purposes of awarding attorney fees, Florida law defines "prevailing party" as "the party prevailing on the significant issues in the litigation." Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992); see also Boxer Max Corp. v. Cane A. Sucre, Inc., 905 So.2d 916, 918 (Fla. 3d DCA 2005).

Here, the significant issues in the post-judgment litigation, for which Defendants now seek fees concern alleged breaches of the Stipulation and involve rent disputes, eviction issues, and other related controversies between the parties. Defendants are not entitled to fees because the Court never reached the merits of these issues. To the contrary, the Court issued a Report (DE 1435), which has been adopted in its entirety (DE 1438), recommending that the Court dismiss the case with prejudice pursuant to the parties' Stipulation and deny all pending motions as moot. The Court expressly stated that "[t]o the extent any or all of the parties did in fact breach the settlement agreement, *an*

3

*issue on which this Court expresses no opinion*, the affected party may bring an action to rescind or sue for damages caused by the breach." (emphasis added). The Report noted that the parties were engaged in parallel state court litigation involving the same issues raised in the pending motions and found it "entirely appropriate in this case that the parties bring a separate action in state court to enforce any alleged breaches of the Stipulation." As anticipated, the parties' disputes regarding the alleged breaches are presently being litigated in state court, and it is the state court that will definitively resolve those outstanding disputes on the merits.

Defendants do not argue that they prevailed in this forum on any of the significant issues raised in the post-judgment motions for which they presently seek fees, instead contending that Plaintiff "forced [Defendants] to defend the accusations that they breached the Stipulation in both State and Federal court" and "[n]ow that the Court has dismissed the action with prejudice, [Defendants] must be determined to be the prevailing party." This argument misses the mark. To qualify as a prevailing party requires some degree of judicial merit or success on significant issues in the litigation. Defendants did not prevail on any significant issues relating to the parties' disputes arising over alleged breaches of the Stipulation, nor could they, as this Court never decided the merits of such disputes. Such disputes remain pending in the state court forum where the parties' litigation is ongoing. Consequently, Defendants are not prevailing parties as contemplated by the Stipulation, and their motion for attorney fees must be denied.

## RECOMMENDATION TO DISTRICT COURT

Based upon the foregoing reasons, this Court respectfully RECOMMENDS that the District Court DENY Defendants' Motion for Attorneys' Fees and Costs (DE 1439).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Donald M. Middlebrooks, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers in West Palm Beach in the Southern District of Florida, this 7 day of October, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Donald M. Middlebrooks
All Counsel of Record